Gay L. Carroll-Haring, Esq. SBN 203803
**LAW OFFICES OF GAY CARROLL-HARING**
500 Capitol Mall, Suite 2350
Sacramento, California 95814
(916) 443-3553 Office (24/7)
(916) 599-3553 Cell
email: gay@carrollharinglaw.com

Attorney for Plaintiff
DENETTE WILL

Jonathan M. Brenner, SBN 162366
Alexandria M. Ordway, SBN 307535
Catherine Kang, SBN 341549
**EPSTEIN BECKER & GREEN, P.C.**
1925 Century Park East, Suite 500
Los Angeles, CA 90067
(310) 556-8861
Fax: (310) 553-2165
email: jbrenner@ebglaw.com; cemail@ebglaw.com
email: aordway@ebglawcom
email: ckang@ebglaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENETTE WILL, | No. 2:22-cv-0454 KJM DB |
| Plaintiff, | STIPULATED PROTECTIVE ORDER |
| v. | |
| QUEST DIAGNOSTICS INCORPORATED, doing business in California as QUEST DIAGNOSTICS INCORPORATED OF NEVADA, a Nevada Corporation; QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC., a Delaware Corporation; and DOES 1 through 30, | |
| Defendants. | |

STIPULATED PROTECTIVE ORDER

- 1 -

FIRM:56908362v2

WHEREAS disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending litigation related to this case would be warranted;

WHEREAS the Parties hereby stipulate to and respectfully request the Court to enter the following Stipulated Protective Order;

WHEREAS the parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential;

**1.     PROCEEDINGS AND INFORMATION GOVERNED.**

This Stipulated Protective Order shall cover any document, information or other thing furnished by any Party, or any person, including third persons, to any other Party in connection with the discovery and pretrial phase of the Action. The types of discovery covered includes, but is not limited to, responses to requests to produce documents or other things, responses to interrogatories, responses to requests for admissions, deposition testimony and all copies, extracts, summaries, compilations, designations, and portions thereof.

This Stipulated Protective Order does not govern proceedings during trial nor does it prohibit any Party from seeking a protective order to govern proceedings during trial. The Parties reserve for future agreement the procedure to be followed in using "Confidential Information" (defined below) at trial, subject to approval from the Court.

**2.     DEFINITIONS.**

**2.1 Party:** any party to this Action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel (and their support staff) (more than one Party collectively referred to as "Parties").

**2.2 Disclosure or Discovery Material:** all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

**2.3 Receiving Party:** a Party that receives Disclosure or Discovery Material from a Producing Party.

**2.4 Producing Party:** a Party or non-party that produces Disclosure or Discovery Material in this Action.

**2.5 Designating Party:** a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

**2.6 Counsel:** outside counsel and in-house counsel (as well as their support staffs) who represent a Party.

**2.7 Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an Expert witness or as a consultant in this Action and who is not a past or current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

**2.8 Action:** the above-captioned case and any cross-actions, designated as *Denette Will v. Quest Diagnostics, Inc., et al.,* Case No. 2:22-CV-00454-KJM-DB.

**3.    DESIGNATION OF INFORMATION FOR PROTECTION UNDER THIS STIPULATED PROTECTIVE ORDER.**

Any Disclosure or Discovery Material produced in this Action that is reasonably believed by any party to be nonpublic and to contain private, proprietary, trade secret, or other confidential information protected from disclosure by applicable law may be designated as "Confidential Information" as described more fully in paragraph 4, below. Such designation may be made by labeling or otherwise clearly marking the material as "Confidential" in such a manner as will not interfere with the legibility thereof.  Multi-page documents may be marked "Confidential" on each page if appropriate, "Confidential in its Entirety" on the first page, or "Confidential Per Pages Marked" with "Confidential" on specific pages thereafter as appropriate.  In the case of written material, documents or tangible items, the designation shall be made, to the extent possible, at the time the copy of the writing or thing is produced. In the case of materials produced by a non-party or any other Party, the designation may be made by any Party within ninety (90) days following the

date the Designating Party receives a copy of the documents so produced. In the case of deposition testimony, a Party seeking to invoke the protections of this Stipulated Protective Order shall give notice thereof as set forth in paragraph 12, below.

**4.     DISCLOSURE OF CONFIDENTIAL INFORMATION.**

Confidential Information may be disclosed and disseminated by the Receiving Party only to:

(a)     The Parties and their Counsel, officers, directors and employees;

(b)     The attorneys of record in the Action, and their respective associates, clerks and legal assistants, and any organizations retained by such attorneys to provide litigation support services in the Action and the employees of said organizations;

(c)     Independent Consultants and Expert Witnesses retained in the Action by the attorneys of record, and the employees of such consultants and Expert witnesses who are assisting them;

(d)     The Court and its administrative staff, including law clerks and the jury at trial (if any);

(e)     Stenographic reporters and videographers engaged in deposition proceedings;

(f)     Such persons as set forth in and pursuant to paragraph 10 and 12; and

(g)     Such other persons as hereafter may be designated by written agreement of all Parties in the Action or by order of the Court, such order obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure.

**5.     UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION.**

If a Party learns that, by inadvertence of otherwise, it or another Party has disclosed Confidential Information to any person or in any circumstance not authorized under this Stipulated Protective Order, that Party must immediately (a) notify in writing the Producing and/or Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and, if appropriate, (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

**6.     AGREEMENT TO COMPLY WITH STIPULATED PROTECTIVE ORDER.**

Each person referred to in paragraph 4 hereof to whom Confidential Information is to be given, shown, disclosed, made available or communicated in any way, except personnel falling within paragraphs 4(a), 4(b), 4(d), or 4(f) above, shall execute an agreement, in the form attached

hereto as Exhibit A, before said disclosure or communication of Confidential Information is made, stating that he or she agrees to be bound by and fully comply with the terms of this Stipulated Protective Order. Said agreement shall be retained by the attorney who procured it and, upon request by a Party, be made available for inspection.

**7.    USE.**

Except as otherwise provided by this Stipulated Protective Order or by further order of the Court, documents or testimony designated as Confidential Information, and all information contained therein, shall not be used for any purpose other than in connection with prosecution of the Action or any other action arising out of this Action, and any appellate proceeding concerning the same.[1] No person who is furnished Confidential Information shall disclose or disseminate it to any person not entitled under this Stipulated Protective Order to receive and review it.

To the extent Confidential Information is used in an action arising out of this Action, the parties shall follow the procedures that have been agreed upon or are otherwise required in such other actions for filing such materials.

No duplicates, copies, reproductions, or reprints of any Confidential Information, or any parts thereof, shall be made unless reasonably necessary.

If there is a disclosure or utilization of Confidential Information in violation of the terms of this Stipulated Protective Order, the Party who becomes aware of such disclosure or utilization shall promptly notify the attorneys of record for the other Parties. In addition to any other remedy the Court may order, the Party making the disclosure shall be obligated to take all reasonable steps to limit further utilization or dissemination of Confidential Information in violation of this Stipulated Protective Order.

**8.    CHALLENGING CONFIDENTIALITY DESIGNATIONS.**

**8.1 Timing of Challenges.**    Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive

---

[1] In the event a party attempts to use Confidential Information in the Action, the provisions set forth in paragraph 7 shall not be construed as a waiver of objections or admission to the admissibility of that Confidential Information.

STIPULATED PROTECTIVE ORDER

- 5 -

its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**8.2 Meet and Confer.** A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

**8.3 Judicial Intervention.** A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Local Rules 230 and 251 (and in compliance with Civil Local Rule 141, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

**9.     PROCEDURES FOR FILING CONFIDENTIAL INFORMATION WITH THE COURT.**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Confidential Information. A Party that seeks to file under seal any Confidential Information must comply with Local Rule 141.

**10.    DISCLOSURE TO AUTHOR OR ADDRESSEE.**

Nothing herein shall prohibit a Party or Party's attorney from disclosing a document which has been designated as Confidential Information to the person the document identifies as an author or addressee/recipient of such document.

**11.     PARTY'S OWN INFORMATION.**

The restrictions on the use of Confidential Information established herein are applicable only to the use by a Party of Confidential Information received from another Party or any nonparty. This Stipulated Protective Order shall not restrict a Party's use of such documents, information, and other things which that Party possessed before the commencement of this Action or acquired after the commencement of this Action through informal means not involving discovery or other compulsory process.

**12.     DEPOSITIONS.**

All deposition testimony and exhibits designated as Confidential Information shall be bound in a separate transcript and/or clearly marked on each page with the notation "Confidential Information." All other copies of such transcripts and exhibits, to the extent they pertain to or contain Confidential Information or summaries or extracts thereof, shall themselves be treated as Confidential Information pursuant to the terms of this Stipulated Protective Order.

At the time of the taking of the deposition, any Party, Party's attorney or third-party deponent or his or her attorney may designate any portion of the testimony as Confidential Information. Additionally, Counsel may also designate the testimony as Confidential Information within ten (10) business days of the date that the transcript becomes available, by providing the reporter in writing with specific page and line citations for any portion of the testimony to be marked as Confidential Information.

If any deposition is recorded via videotape, Counsel accepts responsibility for insuring that Confidential Information is not disclosed to any person not entitled under this Stipulated Protective Order to receive it.

During the deposition of a third-party witness, any Party to this proceeding may disclose Confidential Information to such deponent provided that said deponent is not given a copy of any document designated as Confidential Information to be taken from the place of the deposition, and provided further that, unless the individual is within the scope of paragraphs 4(a), (b), (d), or (f) or 10, above, said deponent is advised of this Stipulated Protective Order and agrees to be so bound by executing a copy of Exhibit A, attached hereto.

**13.      INTERROGATORIES AND REQUESTS FOR ADMISSIONS.**

Any response to an interrogatory or request for admission that contains Confidential Information shall be clearly designated in the response in which the Confidential Information appears, and responses bearing such designations shall be segregated from non-confidential responses.

**14.      NO WAIVER.**

Neither the taking of nor the failure to take any Action to enforce the provisions of this Protective Order, nor the failure to object to any designation or any such Action or omission, shall constitute a waiver of any right to seek and obtain protection or relief other than as specified herein of any claim or defense in the Action or any other Action including, but not limited to, the claim or defense that any information is or is not private or proprietary to any Party, is or is not entitled to particular protections, embodies trade secrets of any Party, or is not properly subject to discovery in the Action.  The procedures set forth herein shall not affect the rights of the Parties to object to discovery, nor shall it relieve a Party of the necessity of proper response to discovery devices.

**15.      NO PROBATIVE VALUE.**

This Stipulated Protective Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any Party or person with respect to any Confidential Information. The fact that information is designated "Confidential Information" under this Stipulated Protective Order shall not be deemed to be determinative or probative of any issue to be decided by the trier of fact.  This Stipulated Protective Order shall be without prejudice to the right of any Party to bring before the Court the question of: (i) whether any particular material is or is not confidential; (ii) whether any particular information or material is or is not entitled to a greater or lesser degree of protection than provided hereunder; (iii) whether any particular information or material is or is not relevant to any issue of this case, or (iv) how to provide reasonable protection for Confidential Information during any trial or other public legal proceeding in this matter, provided that in doing so the Party complies with the foregoing procedures.

Absent a stipulation of all Parties, the fact that information has been designated Confidential under this Stipulated Protective Order shall not be admissible during the trial of the Action, nor shall the jury be advised of such designation. The fact that any information is disclosed, used, or produced

in discovery or trial herein shall not be construed admissible, or offered in any Action or proceeding before any court, agency or tribunal as evidence of or concerning whether or not such information is confidential or proprietary.

**16.  RETURN OF CONFIDENTIAL INFORMATION.**

At the conclusion of the Action, all Confidential Information and all documents which repeat such information, including all copies, extracts and summaries thereof, shall, upon the request of the Party furnishing such Confidential Information, be delivered to that Party.  Alternatively, Counsel may certify in writing to the Party furnishing the Confidential Information that all such Confidential Information, together with all copies, extracts and summaries thereof, have been destroyed and that no additional copies are known to exist.

**17.  COURT'S JURISDICTION.**

The Court retains jurisdiction to make such amendments, modifications, deletions and additions to this Stipulated Protective Order as the Court may from time to time deem appropriate. This Stipulated Protective Order shall remain in effect for the duration of the litigation unless terminated by agreement executed by Counsel of record for the Parties or pursuant to an order of the Court. The provisions of this Stipulated Protective Order regarding the use and/or disclosure of Confidential Information shall survive the termination of the Action, and the Court shall retain jurisdiction with respect to this Stipulated Protective Order.

**18.  ELECTRONICALLY STORED INFORMATION ("ESI").**

The parties do not currently anticipate that this action will involve significant ESI issues.  To the extent ESI issues arise, the parties agree to meet and confer regarding them prior to involving the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Dated: September 9, 2022       LAW OFFICES OF GAY CARROLL-HARING

                               */Gay Carroll-Haring/*

                               By: _____
                               Gay L. Carroll-Haring, Esq.
                               Attorney for Plaintiff DENETTE WILL


Dated: September 9, 2022       EPSTEIN BECKER & GREEN P.C.

                               */Jonathan M. Brenner/*

                               By: _____
                               Jonathan M. Brenner, Esq.
                               Attorney for Defendants QUEST DIAGNOSTICS
                               INCORPORATED, doing business in California as
                               QUEST DIAGNOSTICS INCORPORATED OF
                               NEVADA, a Nevada Corporation; QUEST
                               DIAGNOSTICS CLINICAL LABORATORIES,
                               INC., a Delaware Corporation


## CERTIFICATION

I, GAY CARROLL-HARING, am the ECF User whose identification and password are being used to file this STIPULATED PROTECTIVE ORDER. In compliance with Local Rule 131(e), I hereby attest that Jonathan M. Brenner, counsel for Defendant, concurs in the contents of this filing and has authorized the filing.

Dated: September 9, 2022       LAW OFFICES OF GAY CARROLL-HARING

                               */Gay L. Carroll-Haring/*

                               By: _____
                               Gay L. Carroll Haring, Esq.
                               Attorney for Plaintiff DENETTE WILL


STIPULATED PROTECTIVE ORDER
- 10 -

FIRM:56908362v2

**<u>ORDER</u>**

IT IS HEREBY ORDERED that the parties' stipulation (ECF No. 11) is granted.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal.  Parties are advised that any request to seal documents in this district is governed by Local Rule 141.  In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made.  L.R. 141(a).  However, a mere request to seal is not enough under the local rules.  In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information."  L.R. 141(b).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." <u>Ctr. for Auto Safety v. Chrysler Grp.</u>, LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251.  Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

////

////

STIPULATED PROTECTIVE ORDER

- 11 -

FIRM:56908362v2

6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: September 13, 2022

/s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

STIPULATED PROTECTIVE ORDER

FIRM:56908362v2

EXHIBIT A

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ _____ [print or type full address], acknowledge that I have read in its entirety and understand the Stipulated Protective order that was issued by the United States District Court for the Eastern District of California on _____ _____, in the case of *Denette Will v. Quest Diagnostics, Inc., et al.,* Case No. 2:22-CV-00454-KJM-DB. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt and other relief. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective order, even if such enforcement proceedings occur after the termination of this Action.

I hereby appoint _____ [print or type full name] or _____ [print or type full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____